UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HUSSAM CHAMMAT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 13-CV-206-JED-PJC |
| | ) |
| ROBERT K. FALLIS and | ) |
| HARRY G. STEGE, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

The Court has for its consideration the Motion to Dismiss of Officers Fallis and Stege (Doc. 9). Officers Fallis and Stege ("defendants") seek dismissal of plaintiff Hussam Chammat's claims for false arrest on the basis of his no contest plea to the state court criminal charges for which he was arrested by defendants.

### BACKGROUND

Plaintiff is a taxi driver. On or about February 16, 2012, plaintiff was in his taxi waiting in line at a taxi stand in front of the BOK Center in Tulsa, Oklahoma. Some individuals approached plaintiff's taxi seeking his services. Plaintiff alleges that, because he was waiting to pick up customers with whom he had a long-established relationship, he turned away the individuals seeking his services. Officer Fallis, with the Tulsa Police Department, approached plaintiff's taxi and inquired as to why he had turned down the individuals, as Tulsa taxicab ordinance does not permit taxi drivers to turn down fares unless they are answering a previous request for service. Plaintiff alleges that he attempted to explain that he was picking up customers he had dropped off at the event. At that time, plaintiff received a call from his customers, who stated that they would be at his taxi momentarily. Plaintiff further alleges that

Fallis then became verbally abusive, at which time Officer Stege, also with the Tulsa Police Department, appeared. Plaintiff states that he attempted to hand his phone to Stege to permit him to speak with his customer, but Stege instead hit plaintiff in the shoulder and dragged him from the vehicle. Plaintiff was then handcuffed and, while being taken to the defendants' squad car, he says he fell and could not regain his footing. Plaintiff states that, instead of helping him stand, Stege pepper sprayed plaintiff. Plaintiff further states that many witnesses began to take notice and disapprove of the defendants' conduct, but were told by Fallis not to take pictures or videos of the incident. Plaintiff was then taken to jail and charged with violation of the taxicab ordinance, resisting arrest, and obstruction.[1]

Plaintiff brought the instant lawsuit against Fallis and Stege, alleging claims pursuant to 42 U.S.C. § 1983. While it is not entirely clear from plaintiff's complaint, he appears to allege claims for false arrest, unlawful search and seizure, and excessive force. Fallis' and Stege's motion to dismiss seeks only dismissal of plaintiff's false arrest claim. Fallis and Stege argue that, because plaintiff has now entered a plea of nolo contendere ("no contest") to the underlying criminal charges at issue, he has established probable cause for the arrest and his false arrest claim is therefore barred.[2]

---

[1] The remainder of the allegations in plaintiff's Complaint (Doc. 2) relates to his treatment at the jail by defendants Tabitha Dean and Allen Ewing. Given that Dean and Ewing have been dismissed by joint stipulation, these allegations do not warrant recitation here.

[2] Defendants attach to their motion to dismiss the pleas entered by plaintiff and ask the Court to take judicial notice of these documents as public records. Ordinarily, consideration of material attached to a defendant's dismissal motion requires the court to convert the motion into one for summary judgment. Fed.R.Civ.P. 12(b); *David v. City & County of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996). "However, facts subject to judicial notice may be considered in a Rule 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment." *Tal v. Hogan*, 453 F.3d 1244, 1265 n.24 (10th Cir. 2006) (citing *Grynberg v. Koch Gateway Pipeline Co*., 390 F.3d 1276, 1278 n. 1 (10th Cir. 2004)). As such, the Court can take judicial notice of "facts which are a matter of public record", such as plaintiff's no contest pleas. *Id*.

## **STANDARDS**

In considering a Rule 12(b)(6) dismissal motion, a court must determine whether the plaintiff has stated a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). The Federal Rules of Civil Procedure require "a short and plain statement of the claim to show that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The standard does "not require a heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face," and the factual allegations "must be enough to raise a right to relief above the speculative level." *Id*. at 555-56, 570 (citations omitted). "Asking for plausible grounds . . . does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]. And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Id*. at 556. "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id*. at 562.

*Twombly* articulated the pleading standard for all civil actions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded factual allegations of the complaint as true, even if doubtful, and must construe the allegations in the light most favorable to the claimant. *See Twombly*, 550 U.S. at 555; *Alvarado v. KOB–TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007).

## DISCUSSION

Defendants ask the Court to dismiss plaintiff's false arrest claim as a result of his no contest pleas to the charges for which he was arrested. Defendants argue that this Court must give preclusive effect to those pleas and find that probable cause for plaintiff's arrest has been conclusively established.

A claim for false arrest necessarily requires proof that the arresting officer lacked probable cause to make the arrest. *See, e.g., Smith v. Barber*, 316 F. Supp. 2d 992, 1021 (D. Kan. 2004) ("A false arrest claim will fail where probable cause exists for at least one of the charges against a plaintiff in a § 1983 case."). Oklahoma preclusion rules apply to plaintiff's § 1983 false arrest claim. *See Franklin v. Thompson*, 981 F.2d 1168, 1170-71 (10th Cir. 1992). In *Jackson v. Loftis*, 189 F. App'x 775, 779 (10th Cir. 2006), the Tenth Circuit explained the effect of a no contest plea under Oklahoma law on a subsequent claim of false arrest:

> [A] plea of nolo contendere to criminal charges, and the consequent adjudication of guilt thereon, estop the defendant from later disputing the validity of those charges as a basis to deny the existence of probable cause for his arrest. *Irwin v. SWO Acquisition Corp.*, 830 P.2d 587, 590 (Okla.App.1992); *see Delong*, 956 P.2d at 938-39 (reaffirming *Irwin*). There is a proscription on the use of nolo contendere pleas in subsequent civil proceedings, *see* Okla. Stat. Ann. tit. 12, § 2410, and Okla. Stat. Ann. tit. 22, § 513, but it applies only to " 'offensive' use ... to establish the criminal defendant's subsequent potential civil liability, not to ... 'defensive' use ... in a case where the criminal defendant [has] sought to recover damages for an alleged unlawful arrest." *Delong*, 956 P.2d at 938 (following *Irwin*, 830 P.2d at 590).

(footnote omitted).

Pursuant to Oklahoma law, plaintiff is now barred from challenging the validity of his arrest for the crimes to which he has entered a plea of no contest. Plaintiff's allegation that his arrest was, at least in part, motivated by race does not change this outcome. As the Tenth Circuit noted in *Jackson*, such assertions of racist motivation on the part of an arresting officer "do not

4

render his conduct unconstitutional. The Supreme Court rejected 'the principle that ulterior motives can invalidate police conduct that is justifiable on the basis of probable cause to believe that a violation of the law has occurred.'" *Id*. at 780 (quoting *Conrod v. Davis*, 120 F.3d 92, 96 (8th Cir. 1997)); *see also Whren v. United States*, 517 U.S. 806, 811 (1996)).  Accordingly, plaintiff's claims against Fallis and Stege for false arrest under § 1983 are subject to dismissal.

**IT IS THEREFORE ORDERED** that the Motion to Dismiss of Officers Fallis and Stege (Doc. 9) is **granted**.  Plaintiff's § 1983 false arrest claim is hereby **dismissed**.

**IT IS FURTHER ORDERED** that Defendants Fallis and Stege are directed to file an answer to plaintiff's complaint within 21 days of the date of this Opinion and Order.  The parties are also directed to file a second joint status report by that same deadline, which states, in particular, how much time is required for any remaining discovery to be completed.  The Court will enter a scheduling order at that time.

**ORDERED** this 10th day of March, 2014.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE